UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, TIM COLEMAN, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, ROBERT QUANSTROM, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, TIM COLEMAN, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, ROBERT QUANSTROM, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF, | No. 07 C 6316<br>Judge Suzanne Conlon<br>Magistrate Judge Cole |
| Plaintiffs, | |
| vs. | |
| AL HATCHER, INC., an Illinois corporation, | |
| Defendant. | |

**ANSWER TO COMPLAINT**

NOW COMES Defendant, AL HATCHER, INC., by and through its attorneys in this regard, BAKER & McKENZIE LLP, and for its Answer to Complaint states as follows:

## SUMMARY OF THIS ACTION

The Trust Funds bring this action against the Defendant under ERISA because the Defendant has failed to pay amounts owed to the Trust Funds pursuant to the Area Agreements and the Trust Agreements. The Trust Funds seek all contributions found owing, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

**ANSWER:** Defendant admits that the Trust Funds purport to bring this action against Defendant under ERISA and seek the remedies identified in the paragraph titled "Summary of this Action". Defendant denies the remaining allegations of the paragraph titled "Summary of this Action".

## JURISDICTION

1. This Court has jurisdiction over this matter based on questions arising under § 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and § 301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

**ANSWER:** Defendant admits the allegations of paragraph 1 of the Complaint.

## VENUE

2. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

**ANSWER:** Defendant admits that venue is proper in this District. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2 of the Complaint.

### THE PARTIES

3. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters, successor of the Chicago District Council of Carpenters (hereinafter referred to as the "Union"), and therefore, are multi-employer plans. (29 U.S.C. § 1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the Complaint.

4. **Defendant.** Defendant is an Illinois corporation and employer engaged in an industry affecting commerce which entered into a Memorandum of Agreement ("Agreement") effective July 17, 1981. A true and correct copy of the Agreement is attached hereto as Exhibit A.

**ANSWER:** Defendant admits the allegations of paragraph 4 of the Complaint.

### GENERAL ALLEGATIONS

5. The Agreement provides that Defendant agreed to be bound by the then current Area Agreement and all subsequent Area Agreements.

**ANSWER:** Defendant admits the allegations of paragraph 5 of the Complaint.

6. The Agreement and the Collective Bargaining Agreement bind the Defendant to the provisions of the <u>Trust Agreement</u> ("Pension Trust Agreement") which establishes the Pension Fund, to the provisions of the <u>Trust Agreement of the Chicago Regional Council of the United Brotherhood of Carpenters and Joiners of American and Builders Association of Chicago</u> ("Welfare Trust Agreement") which establishes the Welfare Fund, to the provisions of the <u>Chicago Regional Council of Carpenters Apprentice and Trainee Program Trust Agreement</u> ("Trainee Trust Agreement") which establishes the Trainee Fund, and to the Agreement and <u>Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund</u> ("Labor/Management Fund Trust Agreement"). Each of these trust agreements are hereinafter collectively referred to as the "Trust Agreements." The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefits to the Trust Funds.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 6 of the Complaint.

7. The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefit contributions to the Trust Funds.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint.

8. The Agreement, Trust Agreements, Collective Bargaining Agreement and ERISA require Defendant to produce books and records sufficient for the Trust Funds or their designees to conduct an audit to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint.

9. The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work at the rate and in the manner specified in the Collective Bargaining Agreements and the Trust Agreements.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint.

10. The Agreement, Trust Agreements and Collective Bargaining Agreements require the Defendant to contribute to the Trust Funds according to the hours worked by subcontractors performing jurisdictional work which have not signed a Collective Bargaining Agreement with the Union.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

## COUNT I

11. The Pension Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

**ANSWER:** Defendant hereby incorporates its answers to paragraphs 1-10 of the Complaint as if fully set forth herein.

12. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Pension Fund.

**ANSWER:** Defendant denies the allegations of paragraph 12 of the Complaint.

13. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

**ANSWER:** Defendant denies the allegations of paragraph 13 of the Complaint.

14. The Pension Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint.

15. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund.

**ANSWER:** Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations of paragraph 16 of the Complaint.

17. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount that is due.

**ANSWER:** Defendant denies the allegations of paragraph 17 of the Complaint.

18. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:** Defendant denies the allegations of paragraph 18 of the Complaint.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendant:

A. to perform and continue to perform all obligations it has undertaken;

B. to pay any and all amounts the Defendant owes the Pension Fund;

C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

F. to submit contributions that are due to the Pension Fund on a timely basis; and

G. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

19. The Welfare Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

**ANSWER:** Defendant hereby incorporates its answers to paragraphs 1-18 of the Complaint as if fully set forth herein.

20. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Welfare Fund.

**ANSWER:** Defendant denies the allegations of paragraph 20 of the Complaint.

21. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

**ANSWER:** Defendant denies the allegations of paragraph 21 of the Complaint.

22.     The Welfare Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint.

23.     The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

**ANSWER:**   Defendant denies the allegations of paragraph 23 of the Complaint.

24.     Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

**ANSWER:**   Defendant denies the allegations of paragraph 24 of the Complaint.

25.     This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

**ANSWER:**   Defendant denies the allegations of paragraph 25 of the Complaint.

26.     This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:**   Defendant denies the allegations of paragraph 26 of the Complaint.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A.     to perform and continue to perform all obligations it has undertaken;

B.     to pay any and all amounts the Defendant owes to the Welfare Fund;

    C.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

    D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

    E.    to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

    F.    to submit contributions that are due to the Welfare Fund on a timely basis; and

    G.    to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

27. The Trainee Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

**ANSWER:** Defendant hereby incorporates its answers to paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Trainee Fund.

**ANSWER:** Defendant denies the allegations of paragraph 28 of the Complaint.

29. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

**ANSWER:** Defendant denies the allegations of paragraph 29 of the Complaint.

30. The Trainee Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 30 of the Complaint.

9

31. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

**ANSWER:** Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations of paragraph 32 of the Complaint.

33. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

**ANSWER:** Defendant denies the allegations of paragraph 33 of the Complaint.

34. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:** Defendant denies the allegations of paragraph 34 of the Complaint.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

A. to perform and continue to perform all obligations it has undertaken;

B. to pay any and all amounts the Defendant owes to the Trainee Fund;

C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E. to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

    F.    to submit contributions that are due to the Trainee Fund on a timely basis; and

    G.    to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

35.    The Labor/Management Fund hereby incorporates paragraphs 1-34 above as though fully set forth herein.

**ANSWER:** Defendant hereby incorporates its answers to paragraphs 1-26 of the Complaint as if fully set forth herein.

36.    Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Labor Management Fund.

**ANSWER:** Defendant denies the allegations of paragraph 36 of the Complaint.

37.    The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

**ANSWER:** Defendant denies the allegations of paragraph 37 of the Complaint.

38.    The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 38 of the Complaint.

39.    The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

**ANSWER:** Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations of paragraph 40 of the Complaint.

41. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

**ANSWER:** Defendant denies the allegations of paragraph 41 of the Complaint.

42. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:** Defendant denies the allegations of paragraph 42 of the Complaint.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

A. to perform and continue to perform all obligations it has undertaken;

B. to pay any and all amounts the Defendant owes to the Labor/Management Fund;

C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E. to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

F. to submit contributions that are due to the Labor/Management Fund on a timely basis; and

    G.    to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Defendant, AL HATCHER, INC., hereby demands trial by jury on all issues triable by a jury.

**WHEREFORE,** Defendant, AL HATCHER, INC. respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Plaintiffs be denied any relief, and that Defendant be awarded all costs and attorneys' fees incurred in this action and such other relief as this Court deems just and proper.

Dated: December 21, 2007                 */s/ Thomas F. Hurka*
                                                       One of the Attorneys for Defendant
                                                       Al Hatcher, Inc.

Michael A. Pollard
michael.a.pollard@bakernet.com
Lisa S. Brogan
lisa.s.brogan@bakernet.com
Thomas F. Hurka
thomas.f.hurka@bakernet.com
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL  60601
312-861-2786
312-698-2349 (fax)

## CERTIFICATE OF SERVICE

  I hereby certify that on December 21, 2007, I caused the foregoing Defendant's Answer to Complaint to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

> Kevin P. McJessy
> McJessy, Ching & Thompson, LLC
> 3759 North Ravenswood, Suite 231
> Chicago, IL 60613
> mcjessy@mcandt.com

            */s/ Thomas F. Hurka*

CHIDMS1/2578933.1