RECEIVED

MAY 1 6 2008

JUDGE SUZANNE B. CONLON
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al. ) ) | |
| ) | Case No. 07 C 6316 |
| Plaintiffs, ) | |
| v. ) | Judge Conlon |
| ) | |
| AL HATCHER, INC., an Illinois corporation, ) ) | |
| Defendant. ) | |

## STIPULATED ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter having come before the Court pursuant to the parties' motion to dismiss this matter without prejudice pursuant to the settlement agreement attached to and made part of this Order, IT IS HEREBY ORDERED that this matter is dismissed without prejudice pursuant to the settlement agreement. This Court shall retain jurisdiction over this matter to enforce the terms of the settlement agreement.

_5/20/08_
Date

_Suzanne B. Conlon_
Judge Conlon

Stipulated to on behalf of the Chicago
Regional Council of Carpenters Pension Fund
et al.

_Kevin McJessy_
McJessy, Ching & Thompson, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613

Stipulated to on behalf of Defendant Al
Hatcher, Inc.

_Michael Pollard_
Michael Pollard
Baker & McKenzie
One Prudential Plaza
130 E. Randolph Dr.
Chicago, IL 60601

# SETTLEMENT AGREEMENT

This Settlement Agreement and Mutual General Release (the "Agreement") is effective this 5th day of May 2008, and is entered by and between the following parties (collectively "the Parties"): the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM, the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION FUND and their respective trustees (collectively the "Trust Funds") and AL HATCHER, INC. ("Al Hatcher"), an Illinois corporation.

## WITNESSETH

A) WHEREAS, the Trust Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago and Northeast Illinois District Council of Carpenters (the "Union"), and therefore, are multi-employer plans (29 U.S.C. § 1002);

B) WHEREAS, Al Hatcher is an employer that entered into an agreement with the Union whereby it agreed to be bound by the terms and conditions of certain Collective Bargaining Agreements and Trust Agreements;

C) WHEREAS, the Trust Funds filed a lawsuit against Al Hatcher captioned *Chicago Regional Council of Carpenters Pension Fund, et al. v. Al Hatcher, Inc.*, Case No. 07 C 6316 ("Lawsuit") to collect amounts due from Al Hatcher pursuant to an audit report by Legacy Professionals, LLP ("Legacy") for the period January 1, 2005 through September 30, 2006 ("Audit Period");

D) WHEREAS, the audit report states that Al Hatcher failed to report and to remit to the Trust Funds $194,370.46 in contributions owed to the Trust Funds for hours worked by its employees and/or subcontractors, plus audit fees of $3,567.75, attorneys' fees of $3,369.59, liquidated damages of $38,874.09, and interest of $36,410.46;

E) WHEREAS, Al Hatcher disputes the findings in the audit report and denies any and all liability whatsoever; and

F) WHEREAS, the Parties hereto have concluded that the execution by them of this Agreement will avoid protracted, uncertain and expensive litigation, and acknowledge that the terms and provisions herein are fair and reasonable, and that each is receiving a substantial and valuable benefit if this Agreement is consummated;

NOW, THEREFORE, for and in consideration of the sums to be paid hereunder, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, and for the performance of the mutual covenants hereinafter to be performed, **IT IS AGREED** as follows:

1. Recitals. The recitals set forth herein are intended by the Parties hereto to evidence their intent in executing this Agreement and to describe the circumstances surrounding

Page 1 of 7

its execution, and the Parties hereto intend that this Agreement be construed in a manner consistent with the recitals. Accordingly, said recitals are, by express reference, made a part of the covenants herein, and this Agreement shall be construed in light thereof.

2. Payment.

(a) Al Hatcher shall pay the Trust Funds a total of one hundred twenty-five thousand dollars ($125,000.00) as follows: $62,500.00 upon execution of this Agreement and $15,625.00 on May 30, 2008, June 30, 2008, July 31, 2008 and August 29, 2008. A summary of the payments due and the date on or before which the payments are due is as follows:

| Date Due | Amount Due |
| --- | --- |
| May 30, 2008 | $15,625.00 |
| June 30, 2008 | $15,625.00 |
| July 31, 2008 | $15,625.00 |
| August 29, 2008 | $15,625.00 |
| Total | **$125,000.00** |

(b) The payments shall be made by certified check or cashier's check and made payable to the <u>Chicago Regional Council of Carpenters Fringe Benefit Funds</u> and shall be delivered to Kevin P. McJessy, counsel for the Trust Funds, at the offices of McJessy, Ching & Thompson, LLC, 3759 N. Ravenswood, Suite 231, Chicago, Illinois 60613.

(c) **ALL PAYMENTS SHALL BE SENT IN SUCH MANNER THAT THEY ARE <u>RECEIVED</u> AT THE OFFICES OF MCJESSY, CHING & THOMPSON ON OR BEFORE THE DAY THE PAYMENT IS DUE.**

3. Default.

(a) In the event that the Trust Funds do not <u>receive</u> the payments on or before the date when the payment is due as set forth in Section 2 above, Al Hatcher shall be in default of its obligations under this Agreement. In the event of default, the Trust Funds shall notify Al Hatcher of said default by sending notice by U.S. Mail and by facsimile to:

Al Hatcher  
Al Hatcher, Inc.  
2810 Harrison  
Evanston, IL 60201  
Facsimile: 847-475-2669

Michael Pollard  
Baker & McKenzie  
One Prudential Plaza  
130 E. Randolph Dr.  
Chicago, IL 60601  
Facsimile: (312) 861-2899

(b) Notice sent in this manner shall be deemed sufficient regardless of whether it is received, provided that the Trust Funds provide a certificate of service that notice was properly sent in accordance with the above provisions. Al Hatcher shall have ten (10) days, not counting weekends and holidays, from the date that notice of the default is sent to cure such default.

4. <u>Remedies for Uncured Default.</u> If the default is not cured within the ten (10) day period set forth in Section 3 above, Al Hatcher shall not be permitted to cure the default and the Trust Funds' rights under this Section 4 shall be deemed irrevocable.

(a) **In the event of a default that has gone uncured for ten (10) days, not counting weekends and holidays, Al Hatcher authorizes, irrevocably, any attorney of any court of record to appear for it in such court, and confess a judgment, without process, in favor of the Trust Funds and against Al Hatcher, individually, in the amount of $276,592.35, plus reasonable attorneys' fees and costs incurred in enforcement and collection but less amounts previously paid by them under this Agreement. Al Hatcher waives any service of process and consents to the personal jurisdiction of the federal district court before which the Lawsuit is pending as of the date of this Agreement for the purpose of enforcing this Agreement. Al Hatcher waives and releases errors that may intervene in any such proceedings, and consents to immediate execution upon judgment.**

(b) Al Hatcher realizes that under this Section 4, in the event of an uncured default, it is immediately liable to the Trust Funds for $276,592.35, plus reasonable attorneys' fees and costs incurred in enforcement and collection but less amounts previously paid by it under this Agreement, and does hereby waive presentment for payment, notice of dishonor or protest.

5. <u>Dismissal.</u> Upon execution of this Agreement by all Parties and receipt of the first payment, the Trust Funds shall move to dismiss the Lawsuit without prejudice and the Court shall retain jurisdiction over this matter to enforce the terms of this Agreement. This Agreement may be part of any court order dismissing the Lawsuit.

6. <u>Release.</u> After the Trust Funds receive full payment of the amount called for by Section 2(a) above without an uncured default, the Trust Funds then, on behalf of themselves, their attorneys, administrators, successors and assigns, hereby fully and forever release and discharge Al Hatcher, its officers, directors, employees and agents, including Al Hatcher personally, from any and all claims, demands, agreements, actions, suits, causes of action, damages, injunctions, restraints and liabilities, of whatever kind or nature, in law, equity or otherwise, whether now known or unknown or which have ever existed, that may now exist or that may exist in the future for amounts owed by it to the Trust Funds during the Audit Period, including, without limitation, claims for attorneys' fees, liquidated damages and costs arising out of the Trust Funds' claims against Al Hatcher as set forth in the Lawsuit. Notwithstanding the foregoing, the Lawsuit, this release and the dismissal of the Lawsuit shall have no preclusive, res judicata or collateral estoppel effect outside the Audit Period and the Trust Funds may pursue claims they may have related to contributions owed outside the Audit Period.

7. <u>Release.</u> After the Trust Funds receive full timely payment of the amount called for by Section 2(a) above without an uncured default, then Al Hatcher, on behalf of itself, its officers, directors, employees and agents hereby fully and forever releases and discharges the Trust Funds, and to the extent appropriate, their principals, members, shareholders, directors, officers, trustees, employees, agents and attorneys, and all predecessors, heirs, successors and assigns thereof from any and all claims, demands, agreements, actions, suits, causes of action, damages, injunctions, restraints and liabilities, of whatever kind or nature, in law, equity or otherwise, whether now known or unknown or which have ever existed, that may now exist or

that may exist in the future for the Audit Period, including, without limitation, any claims for attorneys' fees, liquidated damages and costs, for any claims arising out of issues concerning or related in any way to the Lawsuit.

8. **Notice.** All notices required by this Agreement to the Trust Funds shall be sent by U.S. Mail to James Rosemeyer, Chicago Regional Council of Carpenters Pension & Welfare Funds, 12 E. Erie Street, Chicago, Illinois 60611 with a copy by U.S. Mail and facsimile to Kevin McJessy, McJessy, Ching & Thompson, LLC, 3759 N. Ravenswood, Suite 231, Chicago, Illinois 60613, facsimile (773) 880-1265. All notices required by this Agreement to Al Hatcher shall be sent by U.S. Mail and facsimile to

Al Hatcher
Al Hatcher, Inc.
2810 Harrison
Evanston, IL 60201
Facsimile: 847-475-2669

Michael Pollard
Baker & McKenzie
One Prudential Plaza
130 E. Randolph Dr.
Chicago, IL 60601
Facsimile: (312) 861-2899

9. **Choice of Law.** The provisions of this Agreement shall be construed in accordance with the laws of the State of Illinois, except to the extent preempted by federal law. The Trust Funds and Al Hatcher hereby submit to the jurisdiction of any court (state or federal) sitting in the County of Cook, State of Illinois for the purpose of any lawsuit concerning the construction or enforcement of this Agreement and further agree that they shall not seek to have the Lawsuit removed or transferred to any other forum.

10. **Severability.** In the event that any section, subsection, paragraph, subparagraph or provision of this Agreement shall be determined to be contrary to governing law or otherwise unenforceable, all remaining portions of this Agreement shall be enforced to the maximum extent permitted by law; the unenforceable section, subsection, paragraph, subparagraph or provision shall first be construed and interpreted, if possible, to render it enforceable and, if that is not possible, then the provision shall be severed and disregarded, and the remainder of this Agreement shall be enforced to the maximum extent permitted by law.

11. **Merger Clause.** This Agreement sets forth the entire agreement between the Parties. This Agreement may only be amended by written instrument signed by both Parties. Neither the Parties nor their agents have made promises or oral or written statements other than those that appear within this Agreement. This Agreement may not be altered, amended or modified, or otherwise changed in any respect whatsoever, except by a subsequent writing executed by all of the Parties.

12. **No Third Party Rights.** This Agreement shall not be construed to confer any benefits on any third party. Moreover, this Agreement shall not be construed to release or discharge any claims that the Trust Funds may have against any third party.

13. **Advice of Counsel.** The Parties acknowledge that they (or their designated representative(s)) have read this Agreement, that they fully understand and appreciate the meaning of this Agreement, that it fully reflects the entirety of the agreement between the

Parties, that no representation, inducement, or warranty has been made by any Party hereto except as set forth herein, that the Trust Funds and Al Hatcher have consulted competent legal counsel of their selection or had the opportunity to do so, and that they KNOWINGLY and VOLUNTARILY enter into this Agreement and agree to comply with its terms and conditions.

14.     Signed in Counterparts. This Agreement may be executed in counterparts, and delivered by facsimile, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

15.     Guaranty. The attached Guaranty is hereby incorporated as part of this Agreement.

The signatories represent and warrant that they are authorized to sign this Agreement and bind the Parties they represent.

**REMAINDER OF PAGE LEFT BLANK**

Dated: May 5, 2008

*[signature]*
Al Hatcher, Inc.
By: Al Hatcher
Its: President

Dated: May 12th 2008

*[signature]*
The Chicago Regional Council of
Carpenters Pension Fund
By: James Rosemeyer
Its: Contributions Manager

Dated: May 12th 2008

*[signature]*
The Chicago Regional Council of
Carpenters Welfare Fund
By: James Rosemeyer
Its: Contributions Manager

Dated: May 12th 2008

*[signature]*
The Chicago and Northeast Illinois Regional
Council of Carpenters Apprentice and
Trainee Program
By: James Rosemeyer
Its: Contributions Manager

Dated: May 12th, 2008

*[signature]*
The Labor/Management Union Carpentry
Cooperation Fund
By: James Rosemeyer
Its: Contributions Manager